## SOUTHERN INDIANA GAS & ELECTRIC COMPANY *v.* CAINE, BY NEXT FRIEND, ETC.

[No. 19,903. Filed April 29, 1964. Rehearing denied June 1, 1964. Transfer denied July 7, 1964. Rehearing denied on denial of petition to transfer October 1, 1964.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*Sydney L. Berger,* of Evansville, for appellee.

MOTE, J.—In the appeal before us appellee submitted her claim for damages against appellant by a third amended complaint which, omitting the formal parts, is in the words and figures following, to-wit:

"Plaintiff, Deborah Caine, for her complaint against the defendant, Southern Indiana Gas & Electric Company, states:

### 1.
Plaintiff, Deborah Caine, is a young child, only seven years old, and brings this suit by Betty Caine, her Mother and best friend.

### 2.
Defendant, Southern Indiana Gas & Electric Company, is now and was at all times mentioned in this complaint, a corporation organized and existing under the laws of the State of Indiana.

### 3.
Defendant, Southern Indiana Gas & Electric Company, is now and was at all times mentioned in this complaint, in the business of distributing natural gas for household use within the city of Evansville, Indiana and selling this natural gas to the public for use in heating and cooking.

### 4.
This natural gas sold by the defendant gas company is now and was at all times mentioned in this complaint, an inflammable and explosive substance and highly dangerous to human life and property, all of which was well known to the defendant gas company at all times mentioned herein.

**5.**

Some time in October, 1957, the exact date of which is known to the defendant gas company, it received an order to discontinue gas service to the house located at 2828 C Street in Evansville, Indiana.

**6.**

Defendant gas company thereupon sent its agent and employee, Paul C. Snyder, to the house located at 2828 C Street in Evansville, Indiana.

**7.**

At all times mentioned in this complaint, said Paul C. Snyder was acting as agent and employee of defendant gas company and within the scope of his agency and employment as such.

**8.**

After defendant gas company's said employee reached said house at 2828 C Street in Evansville, Indiana, he found the house was vacant and unlocked. After entering the house, he noticed that the gas meter was turned off. But he failed to inspect the house for any uncapped gas lines, although, at that time there was an open and uncapped gas pipe in the house, which he should have seen in the exercise of reasonable care. He then read the gas meter, hung a tag on it and left the house. But he failed to remove the gas meter and plug the gas line, he failed to seal the gas line, he failed to lock the gas meter, and he failed to discontinue gas service to the house, although defendant gas company knew that said house was vacant and unlocked and could reasonably foresee that someone might turn on the gas which could escape into the house and become ignited and explode, causing injury to anyone who might be in the house at the time.

**9.**

On the 30th day of November, 1957, plaintiff Deborah Caine, who was then a small child only four (4) years old, was visiting the occupants of said house with her Mother, Mrs. Betty Caine.

**10.**

At that time plaintiff's father was helping the occupants move into said house, which they had just rented and assisted them in turning on the gas in order to obtain gas for heat and cooking.

**11.**

After the gas had been turned on and a gas heater in the bathroom was lit and burning, as a proximate result of the carelessness and negligence of the defendant gas company which is described below, gas escaped inside the house through the open pipe and was ignited by the gas heater in the bathroom, causing a violent explosion which painfully and severely injured plaintiff Deborah Caine, as is more fully described below.

**12.**

Said carelessness and negligence of the defendant gas company which proximately caused this violent explosion, severely injuring the plaintiff, Deborah Caine, consisted of each of the following:

(a) Defendant gas company carelessly and negligently failed to remove said gas meter and gas valve attached to said meter by which gas could be turned on, although defendant knew that the house was vacant and in the exercise of reasonable care should have foreseen that someone might turn on the gas which might escape into the house and become ignited and explode:

(b) Defendant gas company carelessly and negligently failed to lock and seal said gas valve and gas meter, although defendant knew that the house was vacant and in the exercise of reasonable care should have foreseen that someone might turn on the gas which might escape into the house and become ignited and explode:

(c) Defendant gas company carelessly and negligently failed to inspect the house for any open gas pipes, and to cap said pipe or exercise reasonable care to prevent anyone from turning on the gas which would escape from said open pipe when it discontinued service, although defendant in the exercise of reasonable care should have discovered

said open gas pipe and could have reasonably foreseen that someone might turn on the gas which would escape into the house and which might become ignited and explode:

(d) Defendant gas company carelessly and negligently failed to discontinue furnishing gas to the house until the pipes inside the house were made safe for its reception, although it in the exercise of reasonable care should have discovered that injuries might result to persons in said house by defendant's continuing to furnish its gas through its pipes to said house.

### 13.

As a proximate result of each of said acts of carelessness and negligence on the part of defendant gas company, gas escaped inside said house through the open pipe and was ignited by said gas heater causing a terrific explosion which wrecked and demolished the house which plaintiff was visiting, ignited her clothing and severely burned her all over her entire body.

### 14.

This explosion, which was proximately caused by the aforesaid carelessness and negligence of the defendant gas company and which severely burned the plaintiff, caused her intense suffering and severe shock, required her to be confined to the hospital in severe pain for twenty-five days, and has required and will in the future require extensive medical attention.

### 15.

As a further proximate result of these burns which the plaintiff suffered, caused by the aforesaid carelessness and negligence of the defendant gas company, plaintiff has been scarred for the rest of her life, she has sustained permanent injuries and she has suffered and will suffer much pain and mental anxiety for the rest of her life, all to her damage in the sum of Sixty-five Thousand Dollars ($65,000.00).

WHEREFORE, plaintiff prays damages against the defendant corporation for Sixty-five Thousand Dollars ($65,000.00), for her costs here-

in and for all other proper relief to which she, in the premises is entitled."

A request for jury trial was filed with the above pleading.

Thereafter appellant filed its motion to strike out parts of plaintiff's said pleading and its motion to make the same more specific, definite and certain, in certain particulars, which motions were overruled; after which appellant filed a demurrer to parts of plaintiff's third amended complaint, which was overruled, following which it filed a general demurrer thereto which likewise was overruled. Appellant then filed an answer under Rule 1-3 of the Supreme Court, thus putting the cause at issue.

Trial was had to a jury who returned a verdict against appellant and in favor of appellee in the sum of twenty-five thousand ($25,000.00) dollars. A motion for new trial containing forty-five (45) specifications of alleged error was filed and overruled and the overruling of said motion is assigned as error in this Court.

We have set out above the third amended complaint verbatim, for the reason that an examination of the record discloses that the material allegations thereof may be said to have been proven by a fair preponderance of the evidence and the necessary and reasonable inferences to be drawn therefrom, thus entitling the jury to bring in a favorable verdict for the said appellee. As above stated, the motion for new trial, which is the only error relied upon for reversal, contains forty-five (45) specifications of alleged error. Of these appellant relies for reversal upon Specifications 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 19, 25, 42, 43, 44 and 45. All the other

specifications of alleged error contained in said motion for new trial are therefore waived.

In its argument under I, appellant asserts that the trial court erred in overruling appellant's partial and general demurrers to appellee's third amended complaint and says that the same wholly fails to state a cause, or causes, of action against appellant, relying upon Specifications 1, 2, 44 and 45 of the motion for new trial. Thereunder it undertakes to present five different points to sustain its position.

In its argument under II, appellant asserts that the court erred in refusing to direct a verdict in favor of appellant and in refusing to withdraw certain allegations of negligence from the consideration of the jury, and says further that the verdict is not sustained by sufficient evidence and is contrary to law.

It relies thereunder on specifications of the motion for new trial Numbers 1, 2, 6, 7, 8, 9, 10, 11, 12 and 13.

Under Specification No. 13, appellant contends that the refusal to give to the jury at the conclusion of all of the evidence an instruction tendered by appellant, withdrawing the issues formed by the allegations of sub-paragraph (d) of rhetorical paragraph 12 of the third amended complaint, and the appellant's answer thereto, from the consideration of the jury. It then submits its first objection with points 1 and 2 thereunder, setting out parts of Exhibit No. 6 which appellee introduced, the same being a facsimile copy of a document titled "General Conditions Applicable to Gas Service" promulgated by appellant in pursuance of the Public Service Commission Act of Indiana. It is noted that only Rule 4 and Rule 12 are contained in the brief and points 3 and 4 contain a discussion

of the evidence and the application of the doctrine of foreseeability. Point 5, among other things, cites Burns' Indiana Statutes Annotated, 1956 Replacement, §10-2403, and its alleged application to the case at bar.

Point 6 also discusses the doctrine of supervening negligence and the alleged tampering with the meter and gas valve by Elbert Caine, Jr., prior to the explosion involved. Under point 7 appellant makes the bald assertion that the explosion and resulting injury to appellee was caused, not by appellant but by Elbert Caine, Jr. In this connection the doctrine of proximate cause is discussed at some length.

The two objections set forth in appellant's brief under this asserted error dwells upon the giving of Instructions Numbers 9, 10 and 12, and the alleged error by the trial court in refusing to withdraw from consideration of the jury the issues represented by rhetorical paragraph 12 of the third amended complaint, (a), (b) and (d). Hereunder appellant attempts to rely upon four points.

Under III, appellant contends that the trial court erred in giving to the jury appellee's alleged mandatory Instructions 9 as amended, and 12 as amended, and thereunder asserts Specifications of the motion for new trial Numbers 1, 2, 17, 18 and 19, with three points under a general objection and with a second objection. Appellant then expresses a general objection claiming that appellee's Instructions Numbers 9, 10 and 12, all as amended, being mandatory, are erroneous, creating issues not presented under the evidence and relating to supposed issues which could be resolved only by ignoring the undisputed evidence. It then sets forth Points Numbers 1, 2, and 3. Its

second objection under III dwells upon the assertion that said instructions are in direct and irreconcilable conflict with other components of the trial court's charge to the jury.

By asserted error IV, appellant asserts that the court erred in refusing to set aside submission of this cause—error in overruling appellant's motion for a mistrial, which motion alone was calculated to remedy the prejudicial effect of testimony improperly brought before the jury. Hereunder, appellant assigns Specificiations of a motion for new trial Numbers 1, 2, 3, 42 and 43, and submits five points thereunder.

Under alleged error V, appellant asserts that the damages assessed by the jury are grossly excessive and relies in support thereof upon Specifications for new trial Numbers 1, 2, 3 and 25. Under the last specification appellant attacks the giving of Instruction No. 20 and it argues three different points under this said assignment.

The transcript in this cause contains 706 pages. The briefs submitted are very extensive. Every reasonable effort seems to have been exerted by appellant to demonstrate error; however, we have been unable to discover any reversible error presented in this appeal.

In order to inform ourselves we not only have read the briefs but the original evidence in its entirety.

From an exhaustive examination of the asserted errors and the application thereof to the evidence as proscribed by the pleadings, we have no doubt but that appellant received a fair and impartial trial of the issues submitted by the pleadings, with competent, substantial evidence to support the verdict. This is true, particularly in the light of the nature of the injuries sustained by the plaintiff,

a little girl of approximately four (4) years of age, when the explosion occurred, and the law enunciated by the courts of this state, and others, in a case of this character.

In the instance before us the record is replete with evidence and with necessary, appropriate and relevant inferences to be drawn therefrom that the jury at least could lawfully find for and bring in a verdict for the appellee. The asserted claim by appellant of its insulation from liability merely because a third party turned on the gas through the use of the valve, permitting the said gas to flow through the meter and into the customer's side of the distribution system, falls on deaf ears in view of the guiding principles of law in Indiana, as established by our courts. Appellant's service man was instructed to remove the meter. This he failed to do. Rather, he placed a tag on said meter which a reasonable person may have inferred authorized the turning on of the gas, as testified to by Elbert Caine, Jr., as follows: "There was a tag on the meter, saying that the gas meter had been left in for your convenience, so I assumed that you could turn the gas on and use it 'til you had a chance to contact them."

Appellant strongly argues that §10-2403, Burns' 1956 Replacement, the same being §2, ch. 164, Acts of 1891, p. 381, relieves said appellant from any liability whatsoever. One answer to this contention is that the opinions of the courts on the subject matter of this appeal, decided since the enactment of the statute, hold otherwise. Moreover, even if it could be said that the one who turned on the gas in the present situation was negligent in so doing, it would not relieve appellant from liability *per se*, at least

to the appellee, under the familiar doctrine that negligence of others, concommitant or otherwise, can not be imputed to appellee under the circumstances as portrayed by the evidence in this cause. There is the further doctrine of foreseeability upon which the jury was entitled to pass, and evidently did pass, favorable to appellee; that under all the facts and circumstances as shown by the evidence, the appellant could reasonably foresee that some third party might do exactly what was done, thus causing harm to others.

Affirmed.

Hunter, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 14. Transfer denied in which Achor, C. J., dissents.